UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA S. HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>S. BENAVIDES, et al.,<br><br>Defendants. | Case No. 22-cv-07600 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against officers at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. **Plaintiff's Claims**

Plaintiff names the following as Defendants in this action: S. Benavides (Mailroom Supervisor), Lt. John Doe, John Doe Appeals Coordinator, John Doe (Mailroom), and Jane Doe (Mailroom). Dkt. No. 1 at 2. Plaintiff sets forth five causes of action described below. Plaintiff seeks declaratory relief and damages. *Id.* at 3, 13-14.

Under his first cause of action, Plaintiff claims that on or around May 20, 2021, he sent two envelopes marked as "legal/confidential mail" with trust withdrawals securely attached for postage as per protocol; "this was verified by staff." *Id.* at 2. On May 25, 2021, the two envelopes were returned to Plaintiff marked "Returned to Sender." *Id.* at 3. Plaintiff claims that the trust withdrawals were ripped off by "John/Jane Doe" under Supervisor S. Benavides in the mailroom, who falsely claimed that Plaintiff did not pay the postage. *Id.* Plaintiff claims their actions violated his First Amendment rights to access the courts and freedom of speech. *Id.* Under the second cause of action, Plaintiff claims Defendants John/Jane Doe and S. Benavides acted in retaliation for his filing 602 appeals against the mailroom. *Id.* at 6.

Under the third cause of action, Plaintiff claims that Defendants John/Jane Doe and S. Benavides violated his First Amendment rights by opening his legal/confidential mail outside of his presence, reading it, and then sending it through regular mail on December 21, 2021. *Id.* at 7. Plaintiff claims their actions denied his substantive and procedural rights to confidential correspondence and access to the courts. *Id.* Plaintiff claims that the

2

occurrence was not "inadvertent" or "accidental" because "it has happened more than once and it was violation after violation." *Id.* at 8. Plaintiff claims that the legal mail in question was "clearly from the court." *Id.* Plaintiff claims that he filed a 602 appeal addressing the illegal misconduct and was met with more illegal misconduct. *Id.* at 9. Under the fourth cause of action, Plaintiff claims he was denied his substantive and procedural rights to file 602 appeals and be free from retaliation, "thereby violating [his] First Amendment right to freedom of speech." *Id.* at 10. This claim is based on the allegation that his mail was improperly opened in retaliation for his filing appeals against the mailroom and other litigation. *Id.*

Under the fifth cause of action, Plaintiff claims that he filed a 602 appeal addressing the misconduct of the mailroom for opening and reading his legal mail outside of his presence. *Id.* at 11. Plaintiff claims that on February 22, 2022, he was called to the program office for an interview with the mailroom Defendant Lt. John Doe regarding the appeal. *Id.* Then on March 7, 2022, Defendant Lt. John Doe denied the appeal. *Id.* Plaintiff claims Defendant Lt. John Doe "intentionally and willfully violated Plaintiff's right to due process" by covering up the misconduct and that Defendant's actions were retaliatory. *Id.* at 12. Plaintiff claims the misconduct was then perpetuated by the Appeals Coordinator who signed off on the blatantly false report. *Id.* He claims that he was denied his substantive and procedural rights to due process under the Fourteenth Amendment and his First Amendment right to file a 602 appeal. *Id.* at 11.

### 1. First Cause of Action

Plaintiff claims that his First Amendment rights of access to the courts and freedom of speech were violated by the return of his mail for lack of postage, which he alleges was false. *See supra* at 2.

#### a. Freedom of Speech

A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections

3

system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal quotation marks omitted). Accordingly, a prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only "if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U. S. 223, 229 (2001) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see, e.g.*, *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002) (rule subjecting prisoners to discipline for coercing guard into not enforcing prison rules was, on its face, reasonably related to legitimate penological interests).

In the case of *outgoing* correspondence from prisoners to non-prisoners, however, an exception to the *Turner* standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. *See id.* at 411-12. Censorship in such instances is justified only if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989)

Here, the alleged conduct by Defendants, i.e., returning Plaintiff's legal mail, even if true, does not rise to a First Amendment violation because there is no indication that it was done for the purpose of censorship rather than the content-neutral reason of lack of postage. Nor is there any indication that Plaintiff was hindered from re-sending the legal mail once the postage matter was resolved. Lastly, to the extent that the incident resulted in a delay, the temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband); *accord Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)

4

(content-neutral short-term and sporadic delays in prisoner's receipt of mail did not violate his 1st Amendment rights); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based disruption in delivery of inmate mail not enough to state 1st Amendment claim); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state claim under 1st Amendment), *cert. denied*, 418 U.S. 910 (1974). Plaintiff shall be granted leave to amend this claim to state sufficient facts, if he can do so in good faith, to show that Defendants' actions censored his speech and that the censorship was unjustified under *Procunier*, 416 U.S. at 413.

### b. **Access to the Courts**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Lewis*, 518 U.S. at 351, 354-55. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *Id.*

Plaintiff's allegations are insufficient to state an access to the courts claim. First of all, there is no indication that the mail room is part of the prison's legal access program such that the incident amounts to an inadequacy in said program. But even if it did,

5

Plaintiff also fails to allege actual injury due to Defendants' actions. The fact that there was a delay in the mail is not sufficient. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982) (mere delay in filing papers not enough if they were nevertheless timely filed or accepted and considered by the court). Plaintiff shall be granted one opportunity to amend this claim to attempt to state sufficient facts to show that Defendants' actions were part of an inadequacy in the prison's legal access program and that it caused him an actual injury. In amending, Plaintiff should identify the non-frivolous claim(s) which he was hindered from pursuing.

### 2. Second Cause of Action

Plaintiff claims Defendants John/Jane Doe and S. Benavides acted in retaliation for his filing 602 appeals against the mailroom. *See supra* at 2.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's allegations are insufficient to satisfy all the *Rhodes* elements. The right of access to the courts extends to established prison grief procedures, such that a prisoner may not be retaliated against for using such procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Accordingly, his allegation that he was engaged in protected satisfies the third element. However, Plaintiff's claim that Defendants acted in retaliation is merely conclusory without sufficient facts showing that specific Defendants knew of the 602 appeals against the mailroom and that they interfered with Plaintiff's mail *because of* Plaintiff's protected conduct. The second element, causation, requires showing that the prison official intended to take the adverse action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some other reason. *Shephard v. Quillen*, 840

6

F.3d 686, 689-91 (9th Cir. 2016). By naming Defendants as "John/Jane Doe," Plaintiff has demonstrated that he does not know specifically who interfered with his mail. If he does not know who interfered with his mail, then he cannot know what motivated them to do so. The same is true of named Defendant Benavides: there are no factual allegations that Defendant Benavides was aware of the 602 appeals filed by Plaintiff against the mailroom such that it could be reasonably inferred that he took the alleged adverse action against Plaintiff out of "retaliatory animus." Plaintiff shall be granted one opportunity to amend this claim to state sufficient facts to state a retaliation claim against named Defendants.

### 3. Third Cause of Action

Plaintiff claims that Defendants John/Jane Doe and S. Benavides violated his First Amendment rights on December 21, 2021, when they opened his legal/confidential mail outside of his presence, read it, and then sent it through regular mail. *See supra* at 2-3.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). "Legal mail" may not be read or copied without the prisoner's permission. *See Casey v. Lewis*, 43 F.3d 1261, 1269 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 343 (1996). However, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). Accordingly, prison officials may open and inspect mail to a prisoner from courts outside the prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). With minute exceptions, correspondence from a court to a litigant is a public document. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

Here, Plaintiff alleges that the mail involved was "clearly from *the court*." Dkt. No.

7

1 at 8 (emphasis added). Therefore, even if the allegations are true, Plaintiff fails to state a claim based on the inspection of court mail outside of his presence because it is not "legal mail." *See Hayes*, 849 F.3d at 1211. Accordingly, this claim must be dismissed for failure to state a claim for relief.

### 4. **Fourth Cause of Action**

Plaintiff claims that based on the mishandling of his legal mail, he was denied his substantive and procedural rights to file 602 appeals and be free from retaliation, thereby violating his First Amendment right to freedom of speech. *See supra* at 3.

Plaintiff fails to state a retaliation claim based on this incident because his allegations do not satisfy all the *Rhodes* elements. First of all, Plaintiff has not established that the opening of this particular non-legal mail constitutes an adverse action. Second, Plaintiff claims that the out-of-presence inspection of his mail was done in retaliation for his filing appeals against the mail room and other litigation. Dkt. No. 1 at 10. However, as discussed above, Plaintiff names Defendants as "John/Jane Doe," indicating that he cannot identify the specific individuals responsible for opening his mail, which means he also cannot speak to their knowledge of his 602 appeals or their motivation. *See supra* at 5. The same again is also true of Defendant Benavides. *Id.* Plaintiff shall be granted one opportunity to amend this claim to state sufficient facts to state a retaliation claim against named Defendants based on the opening of his non-legal mail.

### 5. **Fifth Cause of Action**

Plaintiff claims that Defendant Lt. John Doe and John Doe Appeals Coordinator violated his right to due process by denying his 602 appeal regarding the opening and reading of his legal mail outside of his presence. *See supra* at 3; Dkt. No. 1 at 11. Plaintiff also challenges the manner in which his appeals on the matter were handled thereafter. *Id.* at 12. Plaintiff claims that another 602 appeal was reassigned and granted. *Id.*

California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison

8

appeal.[1]  The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983.  *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance.").

Here, the allegations indicate that Plaintiff was not denied his right to file grievances because he was clearly able to file multiple appeals on the matter until it was eventually granted.  Rather, he challenges the way Defendants handled his grievances and the outcomes.  However, the case law on the subject makes it clear that due process is not violated by the mere denial of a grievance or even the refusal to entertain it.  Nor is Plaintiff entitled to a specific outcome.  Accordingly, this due process claim must be

---

[1] *See* Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq. (applicable to state prisons).

9

DENIED for failure to state a claim for relief.

Plaintiff's claim that the denials were retaliatory is also insufficient. Assuming that the denials of the appeal constitutes adverse action to satisfy the first element, Plaintiff fails to satisfy the second and third *Rhodes* elements, i.e., causation and protected conduct. Specifically, Plaintiff fails to explain what protected conduct sparked the retaliatory action, and how these Defendants acted out of "retaliatory animus" to "silence and to punish" Plaintiff, as opposed to for some other reason. *See Shephard*, 840 F.3d at 689-91. Plaintiff shall be granted one opportunity to amend this claim to state sufficient facts to state a retaliation claim against the Defendants involved with the subject appeals.

## C.  **Amended Complaint**

Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

10

If Plaintiff seeks to pursue claims against any "John/Jane Doe" Defendants which have not been explicitly dismissed herein, he must include sufficient allegations against them in the amended complaint. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, if it appears that Plaintiff may be able to identify the appropriate Defendants by name through discovery, he will be given an opportunity to do so if this matter proceeds on Plaintiff's amended complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following claims are **DISMISSED with prejudice** for failure to state a claim for relief: (1) out-of-presence inspection of non-legal mail from the courts; and (2) due process claims for the denial of his 602 appeals.

2. The following claims are **DISMISSED with leave to amend**: (1) violation of Plaintiff's freedom of speech against Defendants John/Jane Doe and S. Benavides for the return of his legal mail for lack of postage; (2) denial of access to the courts claim against Defendants John/Jane Doe and S. Benavides for the return of his mail; (3) retaliation claim against Defendants John/Jane Doe and S. Benavides based on the return of his mail; (4) retaliation claim against Defendants John/Jane Doe and S. Benavides for the out-of-presence inspection of his mail; and (5) retaliation claim against Defendants Lt. John Doe and Appeals Coordinator for the denial of his 602 appeal regarding the out-of-

11

presence inspection of his mail.

3. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-07600 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

4. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

5. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __April 20, 2023_____                    _____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.22\07600Herrera_dwlta

12