UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA S. HERRERA,

          Plaintiff,

   v.

S. BENAVIDES, et al.,

          Defendants.

Case No. 22-cv-07600 BLF (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against officers at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court dismissed the complaint with leave to amend to attempt to correct various deficiencies. Dkt. No. 5. Plaintiff filed a first amended complaint. Dkt. No. 12.[1]

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] The Court struck a prior "first amended complaint," Dkt. No. 9, because it was incomplete; Plaintiff was granted leave to file a new first amended complaint. Dkt. No. 11.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff names the following as Defendants in this action: S. Benavides (Mailroom Supervisor), Lt. John Doe, T. Allen (Warden), John Doe Appeals Coordinator, John Doe (Mailroom), and Jane Doe (Mailroom). Dkt. No. 12 at 2. Plaintiff sets forth four causes of action described below. Plaintiff seeks declaratory relief and damages. *Id.* at 3, 10-11.

Under his first cause of action, Plaintiff claims that on or around May 20, 2021, he sent two envelopes marked as "legal/confidential mail" with trust withdrawals securely attached for postage as per protocol; "this was and can be verified by staff." *Id.* at 2. On May 25, 2021, the two envelopes were returned to Plaintiff marked "Returned to Sender." *Id.* at 3. Plaintiff claims that the trust withdrawals were ripped off by "John/Jane Doe" under Supervisor S. Benavides in the mailroom, who falsely claimed that Plaintiff did not pay the postage. *Id.* Plaintiff claims their actions violated his First Amendment rights to access the courts and freedom of speech because the mail was a petition to address "Prop. 57 Eligibility and Related Issues" which Defendants intentionally deleted. *Id.* Plaintiff claims that the envelopes were made unusable by Defendants, who did not replace them until two months later. *Id.* Plaintiff asserts that there was no legitimate reason nor penological interest in intentionally and willfully making false claims to hinder or prevent

2

his litigation. *Id.* He asserts that interfering with a prisoner's legal mail can violate the First Amendment right of speech and the right of access to the courts under the Fourteenth Amendment. *Id.*

Under the second cause of action, Plaintiff claims Defendants John/Jane Doe and S. Benavides violated his right to freedom of speech and to access the courts when they falsely claimed that Plaintiff did not pay postage. Dkt. No. 12 at 5. Plaintiff claims they acted in retaliation for his filing 602 appeals against the mailroom. *Id.* He contends that he has a right to file appeals and to be free from retaliation for exercising that right. *Id.* He asserts that Defendants were fully aware of several appeals filed against them by Plaintiff because they were interviewed regarding them and had to respond. *Id.* Plaintiff claims that there was no other logical or legitimate reason for their "ripp[ing] off… Plaintiff's outgoing legal mail" and violating policy. *Id.*

Under the third cause of action, Plaintiff claims that Defendants John/Jane Doe and S. Benavides violated his First Amendment rights by opening his legal/confidential mail outside of his presence, reading it, and then sending it through regular mail on December 21, 2021. *Id.* at 6. Plaintiff claims that the mail at issue was from the courts which is considered legal mail under CDCR policy and regulations. *Id.* Plaintiff asserts Defendants violated policy by intentionally opening his mail, and that they acted in retaliation "in order to dissuade and discourage" Plaintiff from filing appeals. *Id.* at 7.

Under the fourth cause of action, Plaintiff claims that Defendants violated his right to file an appeal. Dkt. No. 12 at 8. Plaintiff asserts Defendant Lt. John Doe intentionally and willfully covered up the misconduct, falsified his report, and was deliberately deceptive. *Id.* Specifically, Plaintiff claims that on or around December 30, 2021, he filed an appeal addressing the misconduct of the mailroom for violating policy and regulations. *Id.* Plaintiff claims that on February 25, 2022, he was called to the program office for an interview with the mailroom Defendant Lt. John Doe regarding the appeal. *Id.* Then on March 7, 2022, Defendant Lt. John Doe denied the appeal, by falsely claiming that

3

Plaintiff signed and dated for the legal mail in question. *Id.* Plaintiff asserts that this fraud and perjury was committed in order to retaliate against Plaintiff for filing the appeal addressing the misconduct. *Id.* Plaintiff claims that the appeal was then mishandled, and that the Appeals Coordinator used his position "to retaliate against Plaintiff for exercising his right to file 602 appeals." *Id.* at 9.

### 1. First Cause of Action

Plaintiff claims that his First Amendment rights of access to the courts and freedom of speech were violated by the return of his mail for lack of postage, which he alleges was false. *See supra* at 2. Plaintiff alleged the same claim in the original complaint, which the Court found to be deficient. Dkt. No. 5 at 4.

### a. Freedom of Speech

A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal quotation marks omitted). Accordingly, a prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only "if it is reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U. S. 223, 229 (2001) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see, e.g.*, *Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002) (rule subjecting prisoners to discipline for coercing guard into not enforcing prison rules was, on its face, reasonably related to legitimate penological interests).

In the case of *outgoing* correspondence from prisoners to non-prisoners, however, an exception to the *Turner* standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. *See id.* at 411-12. Censorship in such instances is justified only if (1) the regulation or practice in question furthers one or more

United States District Court
Northern District of California

of the substantial governmental interests of security, order and rehabilitation, and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved.  *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989)

As with the original complaint, the alleged conduct by Defendants, i.e., returning Plaintiff's legal mail, even if true, does not rise to a First Amendment violation because there is no indication that it was done for the purpose of censorship rather than the content-neutral reason of lack of postage.  Plaintiff asserts that their actions were retaliatory, not that it was censorship.  Nor does Plaintiff allege that he was prevented from re-sending the legal mail once the postage matter was resolved.  Lastly, to the extent that the incident resulted in a delay, the temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights.  *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband); *accord Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (content-neutral short-term and sporadic delays in prisoner's receipt of mail did not violate his 1st Amendment rights); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of isolated delay or some other relatively short-term, non-content-based disruption in delivery of inmate mail not enough to state 1st Amendment claim); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state claim under 1st Amendment), *cert. denied*, 418 U.S. 910 (1974).

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity where the amended complaint did not correct the deficiency from the original.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, this claim must be dismissed for failure to state a claim.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1

2

### b.   Access to the Courts

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 349-51.  Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *Lewis*, 518 U.S. at 351, 354-55.  Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint.  *Id.*

Plaintiff's allegations are again insufficient to state an access to the courts claim.  First of all, there is no indication that the mail room is part of the prison's legal access program such that the incident amounts to an inadequacy in said program.  But even if it did, Plaintiff once again also fails to allege actual injury due to Defendants' actions.  The fact that there was a delay in the mail is not sufficient.  *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982) (mere delay in filing papers not enough if they were nevertheless timely filed or accepted and considered by the court).  Plaintiff was advised that in amended this claim, he should identify the non-frivolous claim(s) which he was hindered from pursuing. Dkt. No. 5 at 6.  He has failed to do so.

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity where the amended complaint did not correct the deficiency from the original.  *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at

6

1261.  Accordingly, this claim must be dismissed for failure to state a claim.

### 2. Second Cause of Action

Plaintiff claims Defendants John/Jane Doe and S. Benavides acted in retaliation for his filing 602 appeals against the mailroom.  *See supra* at 2.  The Court dismissed this claim for failure to state sufficient facts in support of such a claim.  Dkt. No. 5 at 6-7.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff's allegations in the amended complaint are now sufficient to satisfy all the *Rhodes* elements in that he claims that Defendants took adverse action by returning his mail without sending it because Plaintiff filed appeals against them, of which they were aware because they were interviewed regarding those appeals, and their actions did not reasonably advance legitimate correctional goals.  This action can proceed on this retaliation claim.

### 3. Third Cause of Action

Plaintiff claims that Defendants John/Jane Doe and S. Benavides violated his First Amendment rights on December 21, 2021, when they opened his legal/confidential mail outside of his presence, read it, and then sent it through regular mail.  *See supra* at 2-3.  The Court dismissed this claim from the original complaint for failure to state a claim for relief.  Dkt. No. 5 at 7-8.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).  "Legal mail" may not be read or copied without the prisoner's permission.  *See Casey v. Lewis*, 43

United States District Court
Northern District of California

F.3d 1261, 1269 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 343 (1996). However, mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). Accordingly, prison officials may open and inspect mail to a prisoner from courts outside the prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). With minute exceptions, correspondence from a court to a litigant is a public document. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

Plaintiff again raises this claim in the amended complaint, asserting that the CDCR policy and regulations treat mail from the court as "legal" mail and therefore, Defendants' failure to abide to those regulations violated his rights. Dkt. No. 12 at 6. However, the violation of mere state laws and regulations does not satisfy the first element for a § 1983 claim, i.e., that a right secured by the Constitution or laws of the Untied States was violated. *West v. Atkins*, 487 U.S. at 48. To state a claim a plaintiff must show a specific constitutional or *federal* guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976). Accordingly, this claim was properly dismissed for failure to state a claim for relief from the original complaint and shall again be dismissed from the amended complaint for the same reason.

### 4.   <u>Fourth Cause of Action</u>

Plaintiff claims that Defendant Lt. John Doe and John Doe Appeals Coordinator violated his right to due process by denying his 602 appeal regarding the opening and reading of his legal mail outside of his presence, and that their actions were retaliatory. *See supra* at 3. Plaintiff also challenges the way his appeals on the matter were handled thereafter. *Id.* at 12. The Court dismissed the claim that he was denied his right to file grievances in the original complaint for failure to state a claim for relief. Dkt. No. 5 at 9-10. The Court dismissed the retaliation claim with leave to amend, so that Plaintiff could

United States District Court
Northern District of California

1    allege sufficient facts to satisfy all the *Rhodes* elements.  *Id.* at 10.

2         California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in

3    the county jails and state prisons a purely procedural right: the right to have a prison

4    appeal.[2]  The regulations simply require the establishment of a procedural structure for

5    reviewing prisoner complaints and set forth no substantive standards; instead, they provide

6    for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no

7    reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d).  A

8    provision that merely provides procedural requirements, even if mandatory, cannot form

9    the basis of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d

10   987, 989 (9th Cir. 1993); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)

11   (prison grievance procedure is procedural right that does not give rise to protected liberty

12   interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997

13   F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill.

14   1982) (same).  A prison official's failure to process grievances, without more, accordingly

15   is not actionable under § 1983.  *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*,

16   334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest

17   in the processing of his appeals does not violate due process because prisoners lack a

18   separate constitutional entitlement to a specific prison grievance system).  Although there

19   certainly is a right to petition the government for redress of grievances (a First Amendment

20   right), there is no right to a response or any particular action.  *See Flick v. Alba*, 932 F.2d

21   728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not

22   compromised by the prison's refusal to entertain his grievance.").

23        Here, the allegations once again indicate that Plaintiff was not denied his right to

24   file grievances because he was clearly able to file an appeal on the relevant issues.

25   Furthermore, he again challenges the way Defendants handled his grievances and the

---

[2] *See* Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, <u>et seq.</u> (applicable to state prisons).

outcomes.  However, the case law on the subject makes it clear that due process is not violated by the mere denial of a grievance or even the refusal to entertain it.  Nor is Plaintiff entitled to a specific outcome.  Accordingly, this due process claim must be DENIED for failure to state a claim for relief.

Plaintiff's claim that the denials of his appeal were retaliatory is also insufficient. Assuming that the denial of an appeal constitutes adverse action to satisfy the first element, Plaintiff still fails to satisfy the second and fourth *Rhodes* elements, i.e., causation and chilling effect.  Plaintiff's assertion that the Appeals Coordinator denied the appeal in retaliation for filing the appeal in the first place is conclusory and circular.  If such an assertion alone was sufficient to satisfy the first, second and third elements, then every denial of an appeal could potentially be grounds for a retaliation claim.  Without more, Plaintiff fails to establish that these Defendants acted out of "retaliatory animus" to "silence and to punish" Plaintiff, as opposed to for some other reason.  *See Shephard*, 840 F.3d at 689-91.  Furthermore, Plaintiff does not allege that their actions chilled the exercise of his First Amendment rights.

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity where the amended complaint did not correct the deficiency from the original.  *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.  Accordingly, this claim must be dismissed for failure to state a claim.

## C.    <u>John and Jane Doe Defendants</u>

The only cognizable claim in this action is under Plaintiff's second cause of action, i.e., retaliation by Defendants John/Jane Doe and S. Benavides.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is

1    clear that discovery would not uncover their identities or that the complaint should be
2    dismissed on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F.
3    Supp. 1172, 1180 (N.D. Cal. 1986).  Here, it appears that Plaintiff may be able to identify
4    the appropriate Defendants by name through discovery.  Therefore, Plaintiff shall be given
5    an opportunity to identify John and Jane Doe Defendants through discovery and file a
6    motion to amend to add their proper names to this action in the time provided below.

7    **D.    Defendant Warden T. Allen**

8         Plaintiff names Warden T. Allen for the first time in this action in the amended
9    complaint.  Dkt. No. 12 at 2.  However, nowhere in the amended complaint does Plaintiff
10   make any specific factual allegations against Warden Allen under any of the four causes of
11   action discussed.  Dkt. No. 12 at 2-9.  Nor does Plaintiff state that he seeks any type of
12   relief against the Warden.  *Id.* at 10-11.

13        Plaintiff was already afforded one opportunity to file an amended complaint, and
14   the Court finds no good cause to grant him another opportunity to file a second amended
15   complaint to state a claim against a new Defendant who does appear to have had any direct
16   involvement in the underlying incident.  *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.
17   Accordingly, Defendant Allen shall be dismissed from this action.

18

19                              **CONCLUSION**

20        For the foregoing reasons, the Court orders as follows:

21        1.    The following claims are **DISMISSED with prejudice** for failure to state a
22   claim for relief: (1) under the first cause of action, First Amendment freedom of speech
23   claim and right of access to the courts claim; (2) under the third cause of action, the claim
24   involving out-of-presence inspection of non-legal mail from the courts; and (3) under the
25   fourth cause of action, the due process claim and retaliation claim for the denial of his 602
26   appeals.

27        2.    This action is proceeding solely on the retaliation claim under the second

28

United States District Court
Northern District of California

cause of action of the amended complaint against Defendants S. Benavides and the John/Jane Doe Defendants in the mailroom.  *See supra* at 6-7.

The Clerk shall terminate all other Defendants from this action, including Warden T. Allen, as Plaintiff fails to state any claim against them.

3.    The following defendant shall be served at SVSP:

a.    **S. Benavides, Mailroom Supervisor**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 12, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4.    No later than **ninety-one (91) days** from the date this order is filed,

United States District Court
Northern District of California

Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10.      While conducting discovery, Plaintiff is directed to attempt to ascertain the name of mailroom employees, John and Jane Does, and file a motion to substitute the operative complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed.  Failure to do so will result in the dismissal of the claims against these Doe Defendants for failure to state a claim for relief.

11.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __March 22, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.22\07600Herrera_svc.FAC